UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Earnie Lee Hess, | ) | CASE NO.: _____ |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| Thomas Bradley Smith and Diamond S. | ) | |
| Ventures, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO:    THE HONORABLE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA, ANDERSON DIVISION**

The defendant, Thomas Bradley Smith (hereinafter "defendant"), hereby files this Notice of Removal removing this action from the Court of Common Pleas of Oconee County, South Carolina to the United States District Court for the District of South Carolina, Anderson Division. The grounds for removing this action are as follows:

1.      On October 18, 2021, the plaintiff, Earnie Lee Hess (hereinafter "plaintiff"), commenced a civil action in the Court of Common Pleas of Oconee County, South Carolina alleging damages for personal injuries sustained in an accident in Seneca, South Carolina. Defendant Smith was first served with the summons and complaint on November 12, 2021. Upon information and belief, Defendant Diamond S. Ventures, Inc. has not yet been served. Therefore, it is not required to join in the removal. A true and correct copy of the state court documents including the plaintiff's complaint is attached to this Notice of Removal as **Exhibit A**. No further proceedings have been had herein.

2.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which Defendant Smith was first served with the summons and complaint.

3.      The complaint asserts various state-law causes of action and claims for relief against the defendant related to an incident that occurred in Oconee County, South Carolina on or about November 3, 2018.

4.      Upon information and belief, the plaintiff is a citizen and resident of Connelly Springs, Burke County, North Carolina.  *See* **Exhibit A, ¶1**.

5.      Defendant Smith is a citizen and resident of the State of Iowa.  *See* **Exhibit A, ¶2**.

6.      Defendant Diamond S. Ventures, Inc. is a corporation organized and existing under the laws of the State of Missouri.  *See* **Exhibit A, ¶3**. **and Exhibit B.**

7.      Citizenship for diversity jurisdiction purposes is determined at the time the action is commenced.  *See* Athena Auto, Inc. v. DiGregorio, 166 F.3d 288 (4th Cir. 1999).

8.      Complete diversity of citizenship exists amongst the parties.

9.      The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the plaintiff's complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

10.     In determining whether the claims in the complaint meet the jurisdictional amount, the district court may make reasonable deductions, inferences, or other extrapolations from the pleadings to determine whether it is apparent that a case is removable.  *See* Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013) (affirming district court's use of "experience and common sense" to conclude that the amount-in-controversy requirement was satisfied).  Put simply, a

district court determining the amount in controversy "'is not required to leave its common sense

behind.'"   Hamilton v. Ocwen Loan Servicing, LLC, No. 9:12–cv–03111–PMD, 2013 WL

499159, at *5 (D.S.C. Feb. 7, 2013) (*quoting* Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665,

668 (D.S.C. 2005)).

11.    The plaintiff's complaint alleges causes of action for negligence against the

defendants.  *See* **Exhibit A.**  The plaintiff is seeking recovery of damages related to "severe and

painful injuries" in both the past and future as well as recovery of damages for "physical pain,

suffering and mental anguish for a significant period of time," "doctor bills, prescriptions and other

medical care, attention and treatment, for himself."  *See* **Exhibit A, ¶¶ 13, 14**.  While the defendant

denies any and all liability or wrongdoing for the matters alleged in the complaint, the allegations

of injuries and damages sought in the complaint are substantial and in other cases, such allegations

have resulted in judgments and demands in excess of $75,000.  Based on these allegations, the

jurisdictional amount is satisfied.

12.    In addition to the claims for compensatory damages, the plaintiff seeks punitive

damages against the defendant.  *See* **Exhibit A**.  It is well settled that potential punitive damages

must also be considered in any calculation of the amount in controversy.  *See, e.g.*, R.L. Jordan

Oil Co. of North Carolina, Inc. v. Boardman Petroleum, 23 Fed. Appx. 141, 145 n.3 (4th Cir. 2001)

("When calculating the amount in controversy, the district court should consider any special or

punitive damages."); Am. Health & Life Ins. Co. v. Heyward, 272 F. Supp. 2d 578, 581 (D.S.C.

2003) (holding that claims for punitive damages "must be included in the calculation of the amount

in controversy").  While the defendant denies the plaintiff is entitled to an award of punitive or

compensatory damages, the Court should infer from the plaintiff's request for punitive damages

that the plaintiff is seeking to recover damages that exceed compensation solely for his alleged injuries. *See* <u>Woodward v. Newcourt Comm. Fin. Corp.</u>, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount"). Therefore, the allegations of the complaint make clear that the plaintiff's claim for punitive damages, together with the claims for compensatory damages, seek an amount in excess of $75,000.

13.     Because there is diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds $75,000 exclusive of interest and costs, this action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. §1332. Therefore, the action brought by the plaintiff against the defendant is a suit of a civil nature, the character of which the District Courts of the United States are given original diversity jurisdiction under 28 U.S.C. §1332, and is one that may be removed by this Court by the defendant pursuant to U.S.C. §1441.

14.     The Anderson Division of the United States District Court for the District of South Carolina is the proper venue because it is the "district and division" embracing Oconee County. *See* 28 U.S.C. §§ 1441(a), 121(4).

15.     The defendant submits this Notice of Removal without waiving any defenses to the claims asserted by the plaintiff or conceding that the plaintiff has pled claims upon which relief can be granted.

WHEREFORE, the defendant prays the above action now pending against him in the Court of Common Pleas for Oconee County, South Carolina, be removed therefrom to this Court,

that this Court exercise jurisdiction over this action, and that this Court grant such other further

relief as this Court deems just and necessary.

Respectfully submitted,

*s/T. David Rheney*
T. David Rheney, Fed. Bar #05030
GALLIVAN, WHITE & BOYD, P.A.
Post Office Box 10589
Greenville, SC  29603
Tel.: (864) 271-9580
drheney@gwblawfirm.com

***Attorney for the defendant, Thomas Bradley Smith***

Date: December 13, 2021
Greenville, South Carolina